Filed 6/14/21  P. v. Presswood CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>      v.<br><br>DARRELL PRESSWOOD,<br><br>      Defendant and Appellant. | B309018<br><br>(Los Angeles County Super. Ct. No. 0PR03579) |

APPEAL from an order of the Superior Court of Los Angeles County, Kevin S. Rosenberg, Judge.  Dismissed.

Ricard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

———————————————

In 2017, defendant Darrell Presswood pled guilty to possession for sale of phencyclidine (PCP) (Health & Saf. Code, § 11378.5) and was sentenced to three years in prison. Defendant was released on post-release community supervision in February 2019. On June 9, 2020, a family member informed the police that defendant had threatened her. Defendant was taken into custody, and was charged with making a terrorist threat (Pen. Code, § 422, subd. (a)).

Defendant's probation officer filed a revocation petition. Defendant waived his right to a hearing and other constitutional rights and admitted violating the conditions of his release. The trial court revoked and reinstated post-release community supervision with modified conditions, and ordered defendant to serve 180 days in the county jail. At the time, he had credit for 170 days in custody. Defendant timely appealed.

After examining the record, appointed counsel filed an opening brief under *People v. Wende* (197) 25 Cal.3d 436 raising no issues. On February 17, 2021, we advised defendant he had 30 days to personally submit any contentions he wished us to consider. Defendant did not file a supplemental brief.

Recent cases have held that *Wende* review is required only from a defendant's first appeal from a criminal conviction. (See *People v. Cole* (2020) 52 Cal.App.5th 1023, 1028, review granted October 14, 2020, S264278 (*Cole*) [*Wende* does not apply to appeals from the denial of postconviction relief]; *People v. Figueroa* (2021) 61 Cal.App.5th 108, 111 (*Figueroa*), review granted May 12, 2021, S267870 [following *Cole*].) In *People v. Freeman* (2021) 61 Cal.App.5th 126, the court applied this reasoning to an appeal from an order revoking and reinstating post-release community supervision because the order was "not a

2

direct appeal from a judgment of conviction." (*Id.* at p. 133.) The *Freeman* court also held, "When an appellant files a pro se supplemental brief in a *Wende* case, the appellate court must address the specific issues raised and, if they lack merit, explain why they fail."[1] (*Id.* at p. 134.)

We agree with these cases. Because *Wende* review does not apply to an appeal from an order revoking post-release community supervision and defendant has not personally filed a supplemental brief, we dismiss the appeal.

### *DISPOSITION*

The appeal is dismissed.

RUBIN, P. J.

WE CONCUR:

BAKER, J.

KIM, J.

---

[1] In *Freeman,* the appellant had filed a supplemental brief, and in the unpublished portion of the opinion, the court addressed the issues that appellant himself had raised. Here, defendant submitted no supplemental brief.